**COMMUNITY LIFE & HEALTH INSURANCE COMPANY, Appellant,**

v.

**Earnest MITCHELL, Appellee.**

**No. 4271.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 25, 1968.

Harry L. Williams, Ft. Worth, for appellant.

Cayton, Gresham & Fulbright, Wm. E. Fulbright, Lamesa, for appellee.

WALTER, Justice.

In a non-jury trial Earnest Mitchell recovered judgment against Community Life & Health Insurance Company for $1,557.25 and the company has appealed. The company contends the court erred in rendering judgment for the reason that the claim of Mitchell was based on an illness that came within the exclusions and limitations of the policy.

The case was tried upon the stipulations entered into by the parties. By said stipulations it was agreed: that Community issued Mitchell its major medical plan insurance policy; that the company issued to the insured a rider which changed and amended the policy; that Mitchell was examined for a prostate condition on August 18, 1966, and it was determined that he was suffering from an early cancer of the prostate and on August 22, 1966, underwent a surgical operation and incurred a surgeon's fee of $500.00, medical and hospital bill of $880.50, and anesthesia expense of $105.00; that all of such services were

reasonably necessary in order to perform the surgery involved; that Mitchell complied with all the conditions precedent to a recovery for said expenses, unless coverage is excluded; that the expenses set out above for surgical, medical, hospital and anesthesia are covered by the policy unless denied by the following provision, being Part 9, Paragraph 2, of the policy:

"No indemnities whatsoever shall be payable under this Policy for loss or disability resulting wholly or partly in or from * * * (4) Sickness or disease involving a kidney or kidneys, cancer, hernia, gallbladder, ulcers, tuberculosis, diabetes, lukemia, tumor, bronchitis, arthritis, rheumatism, asthma, apoplexy, disease of the heart, blood or circulatory system, gastroenteritis, tonsilitis, respiratory diseases, veneral diseases, loss or disability incident to which any organs not common to both sexes are treated, removed or repaired shall be covered only if the cause thereof originates after this policy has been in force for a period of at least twelve (12) months from the first date of coverage of the person insured hereunder if confined for such reason;"

that the insurance company is liable for the $500.00 surgeon's fee and that the policy as amended by the rider provides for coverage for the surgeon's fee; that the expenses for medical, hospital and anesthesia were necessary and incidental to the surgery; that Mitchell was in the hospital again on June 24, 1967, and the company is liable under the policy for doctor, hospital and medical expenses incurred in the amount of $71.75.

The conclusions of law found by the trial court are as follows: that the rider purchased by Mitchell at the time he purchased the policy eliminated all waiting periods for surgery due to sickness, and that under the rider and policy the company is liable for all expenses incurred by Mitchell as a direct and proximate result of surgery due to sickness originating after

the date of the policy and as reasonably necessary incidents to such surgery.

The exclusion, set out above, provides that no indemnities shall be payable under the policy for loss or disability resulting wholly or partly from sickness or disease involving cancer unless the cause thereof originates after the policy has been in force for a period of at least twelve months from the first date of coverage.

The effective date of the policy was February 1, 1966. The date of Mr. Mitchell's operation was August 22, 1966. The policy had been in force for less than 12 months. Therefore, under the original policy, Mitchell was not entitled to recovery for surgical, hospital, medical or anesthesia expenses.

The policy, however, was amended by a rider as follows:

"In consideration of a single premium equivalent to one monthly premium, and payable with the initial premium, the policy to which a copy of this rider is attached is hereby amended by the elimination of all waiting periods for surgery due to sickness which is contracted and begins after the effective date of said policy:"

Appellant contends that the rider only eliminated the waiting period for surgery and that it is liable only for the surgeon's fee. Appellee contends the rider amended the policy by eliminating all waiting periods for surgery due to sickness and also eliminated the other waiting periods set out in the policy.

Neither party has presented us with authority in point on the issue presented. However, we agree with the trial court that the company is liable for the hospital, medical and anesthesia expense because they were reasonably necessary incidents of the surgery.

The judgment is affirmed.